Richard A. Lesser (SBN 59656)
**LESSER & ASSOCIATES, PLC**
Professional Law Corporation
423 S. Pacific Coast Highway, Suite 206
Redondo Beach, California 90277
Telephone: (310) 374-4808
Facsimile: (310) 372-7715
Email: lesser@divelaw.com

Francis S. Ryu (SBN 176597)
**RYU LAW FIRM**
915 Wilshire Boulevard, Suite 1775
Los Angeles, California 90017
Telephone: (323) 931-5270
Facsimile: (323) 931-5271
Email: francis@ryulaw.com

Attorneys for Plaintiffs, JASON LEE and NANCY LEE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEE, individually and as personal representative of the Estate of Catherine Yi, deceased; and NANCY LEE, individually, | Case No.: 2:19-cv-00562 FMO-KS |
| | **JOINT RULE 26(f) REPORT** |
| Plaintiff(s), | SCHEDULING CONFERENCE |
| vs. | Date:     March 21, 2019 |
| | Time:     10:00 a.m. |
| SCUBA MANIA, INC., d.b.a. Beach Cities Scuba; ANTONY FALZONE; JAMES GRUNDY; RANDY SMITH, JOHN MOSS; C & N LINS, INC., d.b.a. CATALINA DIVERS SUPPLY; and DOES 1 through 100, inclusive, | Courtroom: 6D |
| | Hon. Judge Fernando M. Olguin |
| Defendant(s). | |

/ / /

/ / /

/ / /

1

Pursuant to Federal Rule of Civil Procedure Rule 26(f), Local Rule 26-1, and the Court's February 8, 2019 Order, Plaintiffs JASON LEE and NANCY LEE ("Plaintiffs") and Defendants ANTHONY FALZONE, JAMES GRUNDY, RANDY SMITH, JOHN MOSS, C & N LINS INC. dba CATALINA DIVERS SUPPLY, RIVIERA CHARTERS, LLC, and M/V RIVIERA (collectively, "Defendants"), through their attorneys of record, having conducted a conference in accordance with Rule 26(f) on February 27, 2019, hereby submit the following Joint Rule 26(f) Report:

a.   **<u>Statement of the Case:</u>**

1.   **<u>Plaintiffs:</u>**

Decedent Catherine Yi ("Yi") and her fiancé, Andrew Stroud ("Stroud"), sought to become certified scuba divers. They enrolled in Defendant SCUBA MANIA, LLC dba BEACH CITIES SCUBA's Open Water Certification course. Yi and Stroud attended and completed their classroom and pool portions of their course. Thereafter, they participated in their required open water dives on two separate days. The open water dives were conducted off the vessel *M/V Riviera*. They were taught by Defendant BEACH CITIES SCUBA'S instructors (also named defendants in the action), but deposition testimony later revealed the crewmembers and divemasters aboard the *M/V Riviera* at least supervised portions of the open water dives. Despite not competently performing all the skills required to obtain their certifications, Defendants certified Plaintiff and Yi anyway.

Later, Yi and Stroud travelled to Catalina Island to dive by themselves for the first time. They rented equipment from Defendant CATALINA DIVERS SUPPLY, LLC, which was in poor condition and malfunctioning. During the course of their dive, Yi could not establish positive buoyancy and began sinking, ultimately causing her to panic and drown. In the course of attempting to rescue Yi, Stroud also suffered sinus barotrauma, pain, suffering, and emotional distress.

/ / /

2.     **Defendants:**

This is a recreational SCUBA case involving a recreational SCUBA dive, from land, on Catalina.  The incident that resulted in Stroud's injury and Yi's death started on land, in Catalina.  No boat was involved.  It had no potential to impact on maritime commerce and was unrelated to any traditional maritime activity.  Plaintiff Stroud and his fiancé, Yi, the decedent, were certified divers when they went to Catalina where this incident occurred.  Yi had become certified 2 months prior and Stroud had become certified approximately 10 years earlier.  That fact was concealed by Stroud. Both were enrolled in the PADI basic certification course.  Deposition testimony has established the captain and divemaster aboard the *M. V. Riviera* had over-all responsibility for the activities on the vessel.  Dive boat crew are responsible for the safe boarding, transportation, launching and recovery of divers and did not conduct scuba diving instruction.

When at Catalina two months after their certification, Mr. Stroud and Ms. Yi hired a dive guide to take them on a familiarization dive in the Avalon Underwater Park. That guide told them they were not ready to dive in the park on their own.  Mr. Stroud and Ms. Yi ignored that warning, rented dive gear the next day and made the fatal scuba dive in which Ms. Yi became entangled in kelp, drowned and Mr. Stroud panicked and fled to the surface to call for help.

As is required in the industry, and therefore common, both Stroud and Yi read and signed waivers and releases when they enrolled in the PADI certification courses and each time before they boarded the M/V Riviera for each of their checkout dives. These releases are valid and enforceable absent gross negligence, which does not exist in this case.

Stroud concealed at least one medical condition on his medical questionnaire. Namely, that he was a lifelong asthmatic, which contributed to Yi's death.

Both Stroud and Yi were properly trained and certified and both received working and safe SCUBA gear, which they rented on the date of the accident.

**b.**   **Subject Matter Jurisdiction:**

Plaintiffs filed this action in state court (the Los Angeles County Superior Court), alleging that admiralty jurisdiction existed and that maritime law should therefore be applied to the case. Plaintiffs chose to sue in state court under the "Savings to Suitors" clause. The case was designated complex and transferred to the Torrance Courthouse. Defendants all filed Defendant motions to strike the admiralty jurisdiction allegations and punitive allegations from Plaintiffs' First Amended Complaint. Superior Court Judge See granted the motions to strike the admiralty jurisdiction and punitive damage allegations and granted the plaintiffs leave to amend.

Plaintiffs then amended their complaints and, amongst other things, named the owner of the *M/V Riviera* as well as the *M/V Riviera*, itself as defendants in their Second Amended Complaint. In response, Defendant BEACH CITIES SCUBA removed the case to this court, alleging that the federal court had exclusive jurisdiction by virtue of the *in rem* defendant, the *M/V Riviera*. Plaintiffs have contended that naming the vessel as a defendant in the case was done in error. Plaintiffs have offered to stipulate to dismiss the vessel from the action with prejudice and remand the case back to the Torrance Courthouse, but Defendants have refused to do so contending that the case should remain in federal court for the reasons stated in their oppositions to the motions to remand that Plaintiffs have now filed and which is set for hearing on March 21, 2019.

**c.**   **Legal Issues:**

1) Jurisdiction; 2) choice of law; 3) causation; 4) enforceability of a release of liability; and 5) assumption of risk.

**d.**   **Parties, Evidence, etc.:**

**1.**   **Parties -** Plaintiffs Jason Lee and Nancy Lee; Defendants Anthony Falzone, James Grundy, Randy Smith, John Moss, C & N Lins, Inc. dba Catalina Divers Supply, Riviera Charters, LLC and M/V Riviera.

**2.** **Percipient witnesses** - Plaintiff Andrew Stroud; Defendants Anthony Falzone, James Grundy, Randy Smith,  and John Moss; LASD Sergeant Dave Carver; David Mansfield; Robert Kuhns; Jeff Wold; Chance Dunn, as well the other investigating deputies of the LASD; and individuals identified by the parties throughout the course of discovery.

**3.** **Documents** - Catherin Yi's medical records; records pertaining to Catherine Yi's employment; the Investigative Report of the LASD, as well as all documents and things included therein; Catherine Yi and Andrew Stroud's training records; all documents produced in discovery.

**e.** **Insurance:** Defendant BEACH CITIES SCUBA and its instructors are insured by the Lexington Insurance Company.

**f.** **Magistrate Judge:**

The parties consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purpose, including trial.

**g.** **Discovery Plan:**

**1.** **Depositions** – The parties anticipate taking several additional depositions in addition to expert witness depositions.

**2.** **Written Discovery** – The parties have completed the vast majority of their written discovery, but will likely serve some additional interrogatories and/or document requests and supplemental interrogatories.

**3.** **Discovery cut-off -** The parties request a discovery cut-off date in accordance with the Court's usual time interval in advance of trial.

**4.** **Expert Discovery -** The parties request that expert witness disclosures and expert discovery cut-off shall be in accordance with the Court's usual time interval in advance of trial.

/ / /

/ / /

/ / /

5

**JOINT RULE 26(f) REPORT**

**h.     Motions:**

Plaintiff's Motion to Remand is pending.  Defendants will file Rule 56 motions.

**i.     Class Certification:**

Non applicable.

**j.     Dispositive Motions:**

Defendants anticipate filing Rule 56 motions.

**k.     Settlement/ADR:**

The parties have private mediation scheduled for April 4, 2019 with JAMS.

**1.     Pretrial Conference and Trial:**

The parties request a pretrial conference in accordance with the Court's usual time interval in advance of trial.  The case should be ready for trial by January of 2020.

**m.     Trial Estimate:**

Plaintiffs contend that the case will be tried to a jury. Defendants contend that the in rem claim, if it remains, can only be tried to the court and that the remaining claims, under the court's supplemental jurisdiction, will likely be tried to a jury if they are state claims but if they are admiralty claims then defendants reserve the right to contest the jury demand.  The parties estimate a 12 day trial due to the number of witnesses (percipient and expert), the nature of the case, and the number and type of exhibits to be introduced and explained at trial.

**n.     Trial Counsel:**

Trial counsel for Plaintiffs will be Richard A. Lesser and Francis S. Ryu.  Trial counsel for Defendants will be Mark Williams, Neil S. Lerner, and Tom Griffin.

**o.     Independent Expert or Master:**

The parties do not anticipate needing the appointment of an independent expert or master.

/ / /

6

1

**p.**     <u>**Other Issues:**</u>

2      The parties have taken many depositions to date and stipulate to the admission

3  of those depositions for all purposes in this court.

4

5  DATED:     March 6, 2019                    LESSER & ASSOCIATES, PLC

6

7                                        By:   /s/ Richard A. Lesser
                                               Richard A. Lesser, Esq.
8                                              Attorney for Plaintiffs

9

10  DATED:     March 6, 2019                   RYU LAW FIRM

11

12                                       By:   /s/ Francis S. Ryu
                                               Francis S. Ryu, Esq.
13                                             Attorney for Plaintiffs

14

15  DATED:     March 6, 2019                   LAFOLLETE JOHNSON

16

17                                       By:    /s/ Mark M. Williams
                                               Mark M. Williams, Esq.
18                                             Attorney for Defendants,
                                               Scuba Mania, Inc., John Moss,
19                                             James Grundy, M. V. Riviera,
20                                             Riviera Charters, LLC

21

22  DATED:     March 6, 2019                   COX WOOTON LERNER

23                                             GRIFFIN & HANSEN, LLP

24

25                                       By:    /s/ Neil S. Lerner
                                               Neil S. Lerner, Esq.
26                                             Attorney for Defendants,
                                               Anthony Falzone, Randy Smith

27

28  / / /

7

1  DATED:      March 6, 2019                    COX WOOTTON LERNER

2                                               GRIFFIN & HANSEN, LLP

3

4                                        By:    /s/ Mina M. Morkos
                                                Mina M. Morkos, Esq.
5                                               Attorney for Defendants,
6                                               Anthony Falzone, Randy Smith

7  DATED:      March 6, 2019                    NELSON GRIFFIN, LLP

8

9                                        By:    /s/ Thomas J. Griffin
10                                              Thomas J. Griffin, Esq.
                                                Attorney for Defendant,
11                                              C & N Lins Inc., dba Catalina
12                                              Divers Supply

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT RULE 26(f) REPORT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

I, Richard A. Lesser, attest that the signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:   /s/ Richard A. Lesser

Richard A. Lesser, Esq.

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which sent notification of such filing to all counsel of record.

By:  <u>/s/ Richard A. Lesser</u>
      Richard A. Lesser, Esq.